```
           IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF KANSAS
```

**DOMINICK JAMES FORD,**

               **Plaintiff,**

      v.                                   CASE NO. 16-3241-SAC

**CASEY McKINNEY, et al.,**

               **Defendants.**

### NOTICE AND ORDER TO SHOW CAUSE

This matter is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff, now a prisoner in state custody, proceeds pro se and in forma pauperis.

### Background

Plaintiff brings this action against unnamed individuals employed by the Topeka, Kansas, Police Department, Shawnee County Sheriff's Department, Shawnee County District Attorney's Office, and the Topeka Capitol Journal. He also sues the complaining witness in the criminal charges brought against him.

Plaintiff states that in August 2014, he was accused of a crime. As a result of the charges, he was placed on a regional most wanted list, and his name and photograph appeared in local media.

In January 2015, he was arrested by a federal task force. Plaintiff was unable to make bail. A preliminary hearing was conducted in spring 2015, and trial was set for July 7, 2015. However, after the complaining witness failed to appear at the trial, the prosecution dismissed the charges.[1]

---

[1] Plaintiff is currently incarcerated on unrelated charges.

**Screening**

The Court is required to screen complaints filed by a prisoner seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S. C. s 1915A(a). The Court must dismiss a complaint or any portion of a complaint if a plaintiff presents claims that are legally frivolous, fail to state a claim on which relief may be granted, or seek relief from a defendant immune from such relief.   28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief

can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed (the plaintiff); and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500

F.3d at 1218 (quotation marks and citations omitted). Under this new standard, "a plaintiff must nudge his claims across the line from conceivable to plausible." *Smith*, 561 F.3d at 1098 (quotation marks and citation omitted). *Bloom v. McPherson*, 346 Fed. App'x. 368, 372 (10th Cir. 2009); *Robbins*, 519 F.3d at 1247-48; *see Ellibee v. Fox*, 244 Fed. App'x. 839, 843 (10th Cir. 2007). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged (his) claims across the line from conceivable to plausible." *Robbins*, 519 F.3d at 1247 (citing *Twombly*, at 1974).

**Discussion**

**1. Newspaper employees**

First, the Court considers plaintiff's claims against two unnamed employees of the Topeka Capitol Journal, identified as the editor of the on-line edition of the newspaper, and a journalist employed by the newspaper.

Because plaintiff is suing these defendants under 42 U.S.C. §1983, he must demonstrate both that there was a constitutional violation and that the violation was committed by a state actor. *West v. Atkins*, 487 U.S. 42, 48 (1988). The complaint does not identify any grounds for a finding that these defendants are state actors. *See Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995)("[T]he only proper defendants in a [§] 1983 claim are those who represent the state in some capacity….")

A claim that "a private actor conspired with a state actor" may be sufficient to satisfy the requirement of action taken under color of state law. *Olson v. Carmack*, 641 Fed.Appx. 822, 827 (10th Cir. 2016). However, such a claim must be supported by specific facts that a private citizen conspired with a state actor to violate the plaintiff's rights. *Id*. Here, plaintiff appears to allege no more than that the newspaper published accurate facts, namely, that he was placed on the Northeast Kansas Most Wanted list based upon criminal charges filed against him. This claim is insufficient to allege a conspiracy. Accordingly, these defendants are subject to dismissal.

**2. Complaining witness**

Plaintiff's claim against defendant McKinney also is subject to dismissal. The assertion that she made a false report to police concerning the plaintiff is insufficient to identify her as a state actor. *See Bennett v. Johnson*, 500 Fed.Appx. 776, 778 (10th Cir. 2012)(finding plaintiff had not shown that a person who reported plaintiff's conduct to police and testified against him was acting "under color of state law").

**3. Prosecutor's Office**

Plaintiff claims an unnamed prosecutor of the Shawnee County District Attorney's Office prepared "to engage in the evidence of conflicting statements, KBI lab results, warrants, and the change of [defendant] McKinney['s] testimony at preliminary hearing and still failed to dismiss charges." (Doc. #1, p.4).

Plaintiff's claims against this defendant fail on the ground of prosecutorial immunity. Prosecutors are absolutely immune from liability for damages in actions against them for their actions taken "in initiating a prosecution and in presenting the State's case."

*Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Plaintiff's claim appears to allege that the defendant wrongfully failed to dismiss the charges against him before trial. The decision to pursue legal action, however, is squarely within the immunity afforded a prosecutor. Therefore, this defendant is subject to dismissal from this action.

And, while plaintiff points to the fact that the charges eventually were dismissed after the complaining witness failed to appear at plaintiff's trial, the dismissal of those charges is not a favorable termination that might support a claim of malicious prosecution. Rather, Tenth Circuit precedent requires, in the context of a claim of malicious prosecution, that the termination of the criminal proceedings "must in some way indicate the innocence of the accused." *Cordova v. City of Albuquerque*, 816 F.3d 645, 651 (10th Cir. 2016)(quotations omitted). Here, the dismissal was due to the failure of the complaining witness to appear at the trial. That dismissal, while of considerable benefit to the plaintiff, does not support his innocence.

**4. Shawnee County Detectives, Shawnee County Sheriff's Department, and Topeka Police Department**

Plaintiff claims that unnamed law enforcement officers employed by Shawnee County Sheriff's Department and the Topeka Police Department violated his rights by "preparation as a witness to engage in improper investigation, illegal police conduct, false arrest, false imprisonment, … unlawful seizure…" Doc. #1, p. 1, and by lying to a judge, resulting in the issuance of warrants. (id., p. 2).

To the extent plaintiff alleges a defendant lied to a judge by presenting false documents in order to obtain an arrest warrant, the

claim is properly construed as claims of malicious prosecution. *See Myers v. Koopman*, 738 F.3d 1190, 1194 (10th Cir. 2013)(finding that plaintiff's claim alleging detective sought an arrest warrant using a falsified affidavit of probable cause should have been construed as a malicious prosecution claim rather than one of false imprisonment). Here, a claim of malicious prosecution fails because the termination of the criminal action does not indicate that plaintiff is innocent. *See Cordova,* 816 F.3d at 651.

The balance of plaintiff's claims against these defendants is subject to dismissal because he presents only vague and conclusory claims of unconstitutional conduct that are insufficient to state a plausible claim under § 1983. Although plaintiff proceeds pro se and is entitled to a liberal construction of his pleadings, he still must comply with the fundamental requirements of the Federal Rules of Civil Procedure. *See Ogden v. San Juan Cnty*., 32 F.3d 452, 455 (10th Cir. 1994). Under the federal rules, a complaint must present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).

The court need not accept conclusory allegations without supporting allegations of fact. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). Rather, plaintiff must present facts that make the claims plausible and push the "right of relief above the speculative level." *Twombly*, 550 U.S. at 558. Here, plaintiff does not provide specific allegations of fact to allow the Court to consider what conduct each of the law enforcement defendants

committed, when that conduct occurred and how it harmed the plaintiff. Accordingly, in order to avoid the dismissal of these defendants, he must present an amended complaint that notifies each law enforcement defendant what specific conduct is alleged, when it occurred, how it harmed him, and the legal rights involved.

### Pending motions

The Court has examined the entire record, including the motions submitted by the plaintiff. Having concluded that review, the Court enters the following rulings on the pending motions:

Plaintiff's motion for a hearing to provide oral argument (Doc. #9) is denied.

Plaintiff's motion for default hearing (Doc. #10) and for a procedural order finding the defendants in default (Doc. #19) are denied. The Court has not ordered service of process in this matter, and there has been no default by any party.

Plaintiff's motion to appoint counsel (Doc. #11) and his motions for the reconsideration of the Court's ea7urlier ruling denying the appointment of counsel (Docs. #12 and #14) are denied. There is no constitutional right to the appointment of counsel in a civil action. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989), *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). Instead, the decision whether to appoint counsel lies in the discretion of the court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

Because the Court has determined that many of the defendants to this action are subject to dismissal, and because plaintiff will be

required to show cause and submit an amended complaint in this matter, the Court declines to appoint counsel at this time.

Plaintiff's motion for other affirmative defenses (Doc. #13) does not state any ground for relief that appears to be relevant to this action. The motion is denied.

Plaintiff's motion to access additional case information (Doc. #18) and for an order asking the court to order the forwarding of copies (Doc. #20) are denied. Plaintiff filed these motions while incarcerated in the Shawnee County Jail, where he had limited access to legal resources and photocopying services. Because he now resides in a state correctional facility, his requests are moot.

Plaintiff's motion for judgment on the pleadings (Doc. #22) and his motion for subpoenas to require a response (Doc. #23) are denied. The first motion essentially seeks judgment on the pleadings due to the failure to timely serve a responsive pleading. However, as discussed above, the Court has not ordered the service of process in this matter. Accordingly, there is no default. And, because the Court has identified several deficiencies in the complaint, the Court finds no ground warranting the issuance of service of process at this time and denies the motion for subpoenas.

## Order to Show Cause

For the reasons set forth, the Court directs plaintiff to show cause why the defendants employed by the Capital Journal and the Shawnee County District Attorney's Office and defendant McKinney should not be dismissed from this action. Plaintiff also is directed

to submit an amended complaint that specifically identifies the factual and legal grounds for his claims against the remaining defendants. The failure to file a timely response may result in the dismissal of this matter for failure to state a claim for relief.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including March 16, 2018, to show cause and to submit an amended complaint as directed.

IT IS FURTHER ORDERED the following motions are denied:

Doc. #9 motion for hearing;
Doc. #10 motion for hearing;
Doc. #11 motion to appoint counsel;
Doc. #12 motion to reconsider appointment of counsel;
Doc. #13 motion for other affirmative defenses;
Doc. #14 motion for reconsideration of order;
Doc. #18 motion to access additional case information;
Doc. #19 motion for procedural order under Rule 27;
Doc. #20 motion for order;
Doc. #22 motion for judgment on the pleadings; and
Doc. #23 motion for issuance of subpoena.

**IT IS SO ORDERED.**

DATED:  This 31st day of January, 2018, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge