DOMINICK JAMES FORD,

                Plaintiff,

       v.                               CASE NO. 16-3241-SAC

CASEY MCKINNEY, et al.,

                Defendants.

## MEMORANDUM AND ORDER

This matter is a civil rights action filed under 42 U.S.C. § 1983 by a prisoner in state custody. Plaintiff proceeds pro se and in forma pauperis. By its previous order, the Court directed plaintiff to respond to an order to show cause and allowed him to submit an amended complaint (Doc. #25).

Plaintiff filed a response and an amended complaint. The Court has screened the amended complaint and enters the following findings and order.

### Background

Plaintiff was charged in the District Court of Shawnee County, Kansas, with rape and criminal sodomy in Case No. 2014-CR-002275[1]. Prior to his arrest, he was placed on the Northeast Kansas Most Wanted List.

Following a preliminary hearing on March 18, 2015, the state district judge found that a crime was committed and that there was probable cause to believe the plaintiff committed the crimes charged. Plaintiff was formally arraigned and entered pleas of not guilty. The

---

[1] In constructing this summary, the Court has reviewed on-line records maintained by the Shawnee County District Court.
https://www.kansas.gov/countyCourts/search/records.

court dismissed one count but bound plaintiff over for trial on another count.

At the jury trial scheduled for July 6, 2015, the complaining witness failed to appear in response to a subpoena. The district court dismissed the case without prejudice.

**The amended complaint**

Plaintiff has submitted an amended complaint (Doc. #29) and motions for issuance of waiver of service (Doc. #26), for summary judgment (Doc. #27), for relief (Doc. #31), for continuance (Doc. #32), to supplement (Doc. #34), to obtain court's notes (Doc. #35) and to clarify (Doc. #37).

The amended complaint contains a single count alleging "racial discrimination, malicious prosecution, slander, libel, mental anguish, 14th Amendment, 5th Amendment, racial profile, and prosecutorial misconduct." (Doc. #29, p. 4.)[2]

As the Court explained in its earlier order, it must screen plaintiff's complaint and must dismiss a complaint or any part of a complaint that fails to state a claim for relief, that is legally frivolous, or that seeks relief from a defendant who is immune. 28 U.S.C. § 1915A(a)-(b). Because plaintiff proceeds pro se, the court must liberally construe the pleadings, a standard that requires that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence structure, or

---

[2] As supporting facts, plaintiff states, "T.P.D., D.A. charged black suspect after dropping charges of two white suspects, plus black suspect was placed on Northeast Kansas Most Wanted list and news and newspapers in Topeka, Kansas. The State of Kansas deprived petitioner of his due process and equal protection of the law, with no physical evidence to support rape, to take black suspect to preliminary hearing and trial, doesn't take the white suspect to prelim. or trial." *Id.*

his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

However, a court cannot act as an advocate for a pro se plaintiff. *Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009). A pro se plaintiff may not rest on "conclusory allegations without supporting factual averments". *Hall v. Bellmon*, 935 F.2d 1106, 110 (10th Cir. 1991). Instead, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

The Court has examined plaintiff's amended complaint under these standards and concludes that it fails to present a claim for relief. First, his claims of discrimination and racial profiling are vague and unsupported. Although he alleges that charges against other individuals were dropped, he fails to allege facts to explain how that prosecutorial decision was unconstitutional or otherwise illegal. Likewise, plaintiff asserts claims of slander and libel, which the court liberally construes to challenge his placement on the Northeast Kansas Most Wanted list and its publication in local media. However, plaintiff again offers no legal or factual explanation for how these actions violated his rights.

Third, plaintiff asserts a claim of malicious prosecution. To state a malicious prosecution claim, a plaintiff must show: (1) the defendant caused the continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) that no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (4) the plaintiff sustained damages. *Wilkins v. DeReyes*, 528 F.3d 790, 799

(10th Cir. 2008).

In determining whether the termination of a criminal case was favorable, the courts must consider the "stated reasons for the dismissal as well as to the circumstances surround it" to determine whether "the dismissal indicates the accused's innocence." *Id*. at 803. "[A] plaintiff generally cannot maintain a malicious prosecution action unless his charges were dismissed in a manner indicative of innocence, even when he was entitled to dismissal on statutory or constitutional grounds." *Cordova v. City of Albuquerque*, 816 F.3d 645, 653 (10th Cir. 2015).

Here, the dismissal of the criminal action against plaintiff does not indicate that he was innocent. The trial court dismissed the criminal case against plaintiff without prejudice because the complaining witness failed to appear in response to a subpoena. Therefore, plaintiff fails to state a claim of malicious prosecution because he does not satisfy the favorable termination requirement.[3]

Fourth, plaintiff alleges prosecutorial misconduct, a claim that appears to arise from the decision to charge him in a criminal complaint. "Absolute prosecutorial immunity is a complete bar to a suit for damages under 42 U.S.C. § 1983." *Mink v. Suthers*, 482 F.3d 1244, 1258 (10th Cir. 2007)(citing *Imbler v. Pachtman*, 424 U.S. 409, 419 n. 13 (1976)). When a prosecutor's actions are taken in the initiation of a case while acting as an advocate and an officer of the court, the prosecutor is shielded by absolute immunity. *Id*. at 430. Here, plaintiff states only that the district attorney charged him after dismissing charges against two other persons. Those actions

---

[3] Because the claim fails on that ground, the Court need not discuss the remaining elements of malicious prosecution.

are shielded by absolute immunity.

Plaintiff's bare citation of the Fifth and Fourteenth Amendments appears to be a challenge to the sufficiency of the evidence against him. However, this claim is no more than a conclusory statement that fails to present an arguable claim for relief under the *Twombly* standard.

Finally, plaintiff's claim of mental anguish fails because the Prison Litigation Reform Act bars a prisoner from recovering for "mental or emotional injury." 42 U.S.C. § 1997e(e).

## Conclusion

For the reasons set forth, the Court concludes that plaintiff's amended complaint fails to state a claim for relief. The Court also has carefully reviewed the motions filed by plaintiff and concludes that he is not entitled to the issuance of service in this matter, to summary judgment, or to any additional continuance or relief in this matter.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed for failure to state a claim for relief.

IT IS FURTHER ORDERED plaintiff's motions for waiver of service (Doc. #26), for summary judgment (Doc. #27), for punitive and declaratory damages (Doc. #31), for continuance (Doc. #32), to supplement the complaint to add additional damages requests (Doc. #34), to obtain the Court's notes (Doc. #35) and to clarify (Doc. #37) are denied.

**IT IS SO ORDERED.**

DATED:  This 31st day of August, 2018, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge